UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARYLE ANTHONY STEWART,

        Petitioner,         Case Number: 07-CV-14081

v.         HONORABLE AVERN COHN

SHIRLEE HARRY,

        Respondent.
_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Daryle Anthony Stewart (Petitioner) is a state inmate at the Ryan Correctional Facility in Detroit, Michigan, serving three concurrent prison terms of 25 to 50 years each for armed robbery, assault with intent to rob while armed, and assault with intent to commit murder, and a consecutive two-year term of imprisonment for a felony-firearm conviction. Petitioner filed a pro se petition for a writ of habeas corpus claiming that his conviction was unconstitutionally obtained on various grounds. The Court denied the petition. See Dkt. 8. Before the Court is Petitioner's motion for a certificate of appealability. For the reasons that follow, the motion will be denied.

II.

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) under 28 U.S.C. § 2254(c)(1)(A) and Fed. R. App. P. 22(b) must issue. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 484

(2000), the United States Supreme Court held that a petitioner must "show . . . that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."' (citation omitted).

The Supreme Court has explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller- El v. Cockrell, 537 U.S. 322, 336-37 (2003). "A prisoner seeking a certificate of appealability must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" Id. at 338. A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the certificate of appealability has been granted and the case has received full consideration, that petitioner will not prevail." Id.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a certificate of appealability. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). Where a petitioner files a notice of appeal, the Court must issue an order granting or denying a certificate of appealability. See Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

III.

In his petition, Petitioner raised three claims for relief. He seeks a certificate of appealability as to all three claims. In his first habeas claim, Petitioner argued that his convictions for armed robbery and assault with intent to rob while armed violated double jeopardy. The Court denied this claim, holding that each offense required proof of an additional fact that the other did not. In addition, the Court held that the offenses were part

of separate transactions.

In his second habeas claim, Petitioner argued that the prosecutor committed misconduct during her closing argument by shifting the burden of proof and placing the prestige of her office behind her argument. Petitioner further argued that trial counsel was ineffective in failing to object to the prosecutor's argument. The Court held that, to the extent the prosecutor's closing argument could have been construed as shifting the burden of proof, Petitioner was not denied a fair trial because any potential prejudice was cured by the trial court's instructions regarding the proper burden of proof. The Court also held that the prosecutor did not improperly place the prestige of the prosecutor's office behind the State's witnesses. Additionally, the Court held that because the prosecutor did not engage in misconduct, counsel was not ineffective for failing to object.

Finally, Petitioner argued that his sentence is disproportionate and constitutes cruel and unusual punishment. Petitioner was sentenced within the statutory maximum for his crimes and the trial court detailed the reasons for departing from the guidelines. Based upon these factors and the seriousness of Petitioner's crimes, the Court held that the sentences did not violate the Eighth Amendment.

Petitioner disagrees with the Court's resolution of his claims, but provides no argument which persuades the Court that reasonable jurists could debate whether these

claims should have been resolved differently.  Accordingly, a COA is DENIED.

    SO ORDERED.


                         s/ Avern Cohn
                        AVERN COHN
                        UNITED STATES DISTRICT JUDGE

Dated:  July 14, 2009


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Daryle Stewart, 210991, Muskegon Correctional Facility, 2400 S. Sheridan, Muskegon, MI 49442  on this date, July 14, 2009, by electronic and/or ordinary mail.

                         s/ Julie Owens
                        Case Manager, (313) 234-5160